April 7, 2003

Mr. William M. Franz
Executive Director
State Board for Educator Certification
1001 Trinity Street
Austin, Texas 78701-2603

Opinion No. GA-0055

Re:  Whether the State Board for Educator
Certification  may  have  access  to  school
districts' teacher appraisals to use in approving
educator preparation programs and certifying
new teachers  (RQ-0622-JC)

Dear Mr. Franz:

You ask whether the State Board for Educator Certification ("the Board") may have access
to school districts' appraisals of teachers and whether the Board may use these appraisals in
approving educator preparation programs and certifying new teachers under sections 21.045 and
21.048 of the Education Code. *See* TEX. EDUC. CODE ANN. §§ 21.045 (Vernon Supp. 2003), 21.048
(Vernon 1996).

Subchapter B of chapter 21 of the Education Code establishes the Board "to recognize public
school educators as professionals and to grant educators the authority to govern the standards of their
profession," *id.* § 21.031(a) (Vernon 1996), and provides that "[t]he board shall regulate and oversee
all aspects of the certification, continuing education, and standards of conduct of public school
educators," *id.* The Board is charged with proposing rules that, among other things, "provide for the
regulation of educators and the general administration" of subchapter B and "specify the
requirements for the issuance and renewal of an educator certificate." *Id.* § 21.041(b)(1), (4);
*see also id.* § 21.042 (State Board of Education's authority to approve or reject rules proposed by
the Board).  In addition, in proposing rules under subchapter B, "the board shall ensure that all
candidates for certification or renewal of certification demonstrate the knowledge and skills
necessary to improve the performance of the diverse student population of this state." *Id.* §
21.031(b).  A school district may not employ someone as a teacher unless the person holds an
appropriate certificate or permit issued by the Board, *see id.* § 21.003(a), or a teaching permit issued
by the school district, *see id.* § 21.055 ("a school district may issue a school district teaching permit
and employ as a teacher a person who does not hold a teaching certificate issued by the board").

Your questions involve the Board's duties to approve educator preparation programs and to
examine new teachers for certification.  Section 21.045 provides that the Board shall propose rules
establishing standards to govern the approval and continuing accountability of educator preparation
programs "based on information . . . that includes:  (1) results of the certification examinations

prescribed under Section 21.048(a); and (2) performance based on the appraisal system for beginning teachers adopted by the board." *Id.* § 21.045 (Vernon Supp. 2003). Under section 21.048(a), the Board "shall propose rules prescribing comprehensive examinations for each class of certificate issued by the board." *Id.* § 21.048(a) (Vernon 1996). The Board would like to use school districts' appraisals of new teachers in carrying out these duties.[1]

You ask as a threshold matter whether the Board may have "access to an appraisal document or the evaluative results indicated on such document evaluating a beginning teacher under Section 21.352, Education Code." Request Letter, *supra* note 1, at 1 (Question 1). The Board contemplates adopting a rule requiring school districts to provide the Board with appraisals of beginning teachers. *See id.* at 2.

Subchapter H of chapter 21 of the Education Code governs school-district teacher appraisals. Subchapter H requires the Commissioner of Education ("the Commissioner") to "adopt a recommended appraisal process and criteria on which to appraise the performance of teachers." TEX. EDUC. CODE ANN. § 21.351(a) (Vernon 1996). "The criteria must be based on observable, job-related behavior, including: (1) teachers' implementation of discipline management procedures; and (2) the performance of teachers' students." *Id.* In evaluating teachers, however, a school district may use the Commissioner's appraisal process and performance criteria or an appraisal process and similar performance criteria developed by district and campus committees and approved by the local board of trustees. *See id.* § 21.352(a)(1)-(2); *see also id.* § 21.352(a)(2)(B) (district criteria must contain the items described by section 21.351(a)(1)-(2)).

Each school district must use its appraisal process and criteria to evaluate each teacher in the district at least once during each school year. *See id.* § 21.352(c). This requirement is not limited to beginning teachers but rather applies to all teachers in the district. *See id.* The district must maintain a written copy of the evaluation of each teacher's performance in the teacher's personnel file. *See id.* § 21.352(c). Each teacher is entitled to receive a written copy of the evaluation on its completion. *See id.* After receiving a written copy, a teacher is entitled to a second evaluation by a different appraiser or may submit a written rebuttal to the evaluation to be attached to the evaluation in the teacher's personnel file. *See id.*

Under section 21.352, an "evaluation and any rebuttal may be given to another school district at which the teacher has applied for employment at the request of that district." *Id.* Generally, however, teacher appraisals are confidential under the express terms of section 21.355, which provides that "[a] document evaluating the performance of a teacher or administrator is confidential." *Id.* § 21.355. With respect to teacher evaluations, this office has construed section 21.355 to "make confidential any document that evaluates the performance" of a person who "is required to hold and does in fact hold a teaching certificate under subchapter B of chapter 21 or a school district teaching permit under section 21.055 of the Education Code, and who is engaged in the process of

---

[1]*See* Letter from William M. Franz, Executive Director, State Board for Educator Certification, to Honorable John Cornyn, Texas Attorney General at 1-2 (Oct. 18, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

teaching . . . at the time of the evaluation." Tex. Att'y Gen. ORD-643 (1996) at 2, 4. Because the Board would like to obtain section 21.352 appraisals of beginning teachers who are either certified by the Board or hold a school district teaching permit,[2] the appraisals at issue here fall within the scope of section 21.355.

For many years, this office has recognized that to maintain an unrestricted flow of information between governmental bodies, confidential information may generally be transferred between governmental bodies without violating its confidential character. *See* Tex. Att'y Gen. ORD-667 (2000) (concluding that Texas Department of Criminal Justice has discretion to release confidential inmate social security numbers to voter registrars for the purpose of maintaining accurate voter registration lists; transferred information remains confidential in the possession of voter registrars), ORD-661 (1999) (concluding that council of governments has discretion to release confidential address information to county judge for purpose of mailing tax notices and voter registration notices), ORD-414 (1984); Tex. Att'y Gen. Op. Nos. H-836 (1976), H-242 (1974), M-713 (1970); *see also* Tex. Att'y Gen. ORD-674 (2001) (concluding that information in archival state records that was confidential in the custody of the originating governmental body remains confidential upon transfer to the Texas State Library and Archives Commission). *But see* Tex. Att'y Gen. ORD-678 (2003) (concluding that county voter registrar was authorized to release voter information made confidential under section 552.1175 of the Government Code to another governmental entity, but that transferred information would not be confidential in possession of transferee until that governmental entity receives a section 552.1175 notification).

If the confidentiality provision or another statute specifically authorizes the release of the confidential information to particular entities, however, the information may be transferred only to those entities. *See* Tex. Att'y Gen. ORD-655 (1997) (because statute permitted Department of Public Safety to transfer confidential criminal history information only to certain entities for certain purposes, county could not obtain information from the Department regarding applicants for county employment); Tex. Att'y Gen. Op. Nos. DM-353 (1995) at 4 n.6 ("given the detailed provisions in state law for the disclosure of the records," they may not "be disclosed to other governmental entities and officials . . . without violating the records' confidentiality"), JM-590 (1986) at 5 (The statute "enumerates those entities to which the information may be disclosed; an affected municipality is not included. The express mention or enumeration of one person, thing, consequence, or class is tantamount to an express exclusion of all others. . . . [Y]ou may not transfer this information to such a city in return for a promise of confidentiality.") (citations omitted); *see also* Tex. Att'y Gen. Op. No. GA-0019 (2003) (because statute absolutely prohibited the Interagency Council on Pharmaceuticals Bulk Purchasing from disclosing certain drug pricing information, a member of the Council was not permitted to share such information with his or her employing agency).

Here, section 21.355 provides for the confidentiality of teacher appraisals, and section 21.352 expressly authorizes their limited release to other school districts in connection with teachers' employment applications. *See* TEX. EDUC. CODE ANN. §§ 21.352(c), 21.355 (Vernon 1996). Section

---

[2]Telephone Conversation with William M. Franz, Executive Director, State Board for Educator Certification (Jan. 31, 2003).

21.045 of the Education Code, which requires the Board to approve educator preparation programs, mandates that the Board evaluate programs based on information that includes their students' certification examination results and "performance based on the appraisal system for beginning teachers adopted by the board." *Id.* § 21.045 (Vernon Supp. 2003). The latter requirement suggests that the Board will evaluate programs based on its own system to appraise beginning teachers, not that it will use school districts' systems for evaluating teachers, which may vary across the state and are not tailored to beginning teachers. *See id.* § 21.352(a)-(b) (Vernon 1996) (authorizing school districts to adopt their own appraisal processes and performance criteria), (c) (school district must use its appraisal process and criteria to evaluate each teacher at least once per year). Furthermore, section 21.045 does not authorize school districts to provide their teacher appraisals to the Board, *see id.* § 21.045 (Vernon Supp. 2003), nor do the statutes requiring the Board to certify teachers, *see id.* §§ 21.031 (Vernon 1996), 21.048-.052 (Vernon 1996 & Supp. 2003). No other provision in subchapter H or any other law provides that a school district may release a teacher appraisal to the Board. Given that section 21.352 expressly provides that a school district may release a teacher appraisal to the teacher or to another school district, and no statute provides that a school district may release an appraisal to the Board, section 21.355 must be construed to preclude a school district from releasing a teacher appraisal to the Board.

Because we conclude that the Board may not have access to teacher appraisals, we need not answer your questions about what procedures and rules the Board must adopt to obtain appraisals from school districts and whether the Board may share appraisals with educator preparation programs. *See* Request Letter, *supra* note 1, at 1-2 (Questions 2-4). Nor need we address your question about the Board's authority to use teacher appraisals "to substitute for the Professional Development test now given by [the Board] as part of the agency's certification examination program," *id.* at 2 (Question 5).

## S U M M A R Y

The State Board for Educator Certification may not have access to school districts' teacher appraisals to use in approving educator preparation programs and certifying teachers. Under sections 21.352 and 21.355 of the Education Code, a school district's appraisal of a teacher is confidential, *see* TEX. EDUC. CODE ANN. § 21.355 (Vernon 1996), and may be released by the school district only to the teacher or "to another school district at which the teacher has applied for employment at the request of that district," *id.* § 21.352.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - General Counsel

NANCY S. FULLER
Chair, Opinion Committee

Mary R. Crouter
Assistant Attorney General, Opinion Committee